UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARCEL D. THOMPSON,<br><br>Petitioner,<br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 3:17-cv-00330-MMD-WGC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 1), on his motion for appointment of counsel (ECF No. 1-1 at 80-86) submitted with the petition, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The Court finds that petitioner is unable to pay the filing fee and therefore will grant the pauper application.

Turning to petitioner's motion for appointment of counsel, petitioner Marcel Thompson currently is 76 years old. He is serving multiple consecutive sentences of life with the possibility of parole on his 1994 conviction on multiple counts of sexual assault. The corrections department's online inmate search information suggests that petitioner may be serving his final consecutive sentence with no parole eligibility prior to December 2028.

The papers submitted by petitioner and the inmate assisting him reflect, *inter alia*, that he has dementia and short term memory loss. (ECF No. 1-1 at 83-85; ECF No. 1-2.)

There appears to be a substantial issue as to whether, *inter alia,* the petition is subject to dismissal as a successive petition because petitioner's prior federal petition

was denied on the merits in No. 3:05-cv-00468-HDM-RAM and he has not obtained authorization from the Court of Appeals to file a second or successive petition. The Court finds that appointment of counsel is in the interests of justice to assure that petitioner's ability to respond on this issue, to seek any other appropriate relief in this Court or the Court of Appeals, and/or to investigate and present his claims regarding, *inter alia*, newly-discovered evidence and actual innocence is not impaired by the asserted mental health conditions. In appointing counsel, the Court makes no implicit finding or holding with regard to the potential merit of any contention or factual claim made by petitioner in the current papers.[1]

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner will not be required to pay the filing fee, and the Clerk of Court will file the petition and accompanying papers.

It is further ordered that, in filing same, the Clerk will separately file petitioner's motion for appointment of counsel, which currently is at pages 80-86 of ECF No. 1-1; that said motion is granted; and that the Clerk will reflect the grant of the motion when docketing the motion in a manner consistent with the Clerk's current practice for such matters. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings.[2] If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. Following entry of a notice of appearance, the Court anticipates initiating a *sua sponte* show-cause inquiry as to whether the petition should

---

[1] With regard to the successive-petition issue, the Court has not as yet definitively determined whether or not any amended or corrected judgments of conviction have been filed in the state district court.

[2] Counsel should review in particular petitioner's allegations regarding the federal public defender's prior representation of petitioner at ECF No. 1-1 at 10-12.

be dismissed as a successive petition. The Court anticipates setting the deadline for a counseled response at approximately ninety (90) days from entry of the formal order of appointment, to allow counsel an adequate opportunity to investigate the matter. Nothing herein forecloses petitioner from seeking other appropriate relief in this Court or the Court of Appeals and/or requesting that petitioner be allowed first to file a counseled amended petition prior to addressing the successiveness of the petition and/or other issues. In all events, any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk will add state attorney general Adam P. Laxalt as counsel for respondents and will make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel will enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

The Clerk further will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

The Clerk additionally will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 30th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE